Danny Williams, a juvenile, was charged with rape, robbery, and burglary I. Pursuant to § 12-15-34, Code of Ala. 1975, the juvenile court of Lee County ordered Williams transferred to circuit court for criminal prosecution as an adult. This order was appealed to the circuit court which, after a trial de novo, issued an order denying the appeal and transferring Williams for criminal prosecution. We affirm.
On August 25, 1977, Martha Sue Garrett reported she had been raped in her trailer at knifepoint. She described her assailant to police as a black male, 6'2" tall, wearing boxer-type shorts, a tank-top t-shirt, baseball cap, and high-top Converse tennis shoes. Her assailant carried a silver flashlight with a red rim and took her key case with him. Police originally arrested Williams' brother, Obediah Smith, and obtained warrants to search Smith's home, a trailer near Ms. Garrett's. A search of the room in which Williams was sleeping yielded a pair of Converse tennis shoes, a blue baseball cap, an orange tank-top t-shirt, a pair of gym shorts, a pair of men's underwear stained with semen, a black-handled flashlight with red rim, and a blue jean jacket with Ms. Garrett's key case in the pocket. Williams, who is 5'8", claimed to have found the key case on the ground outside. Williams was then arrested and charged with the rape.
At the time of the alleged rape Williams was 14 years and 1 month old. The juvenile court conducted the hearing required by § 12-15-34 and entered an order transferring Williams for criminal prosecution. On appeal the circuit court conducted a trial de novo and entered an order affirming the transfer. Under Brown v. State, 353 So.2d 1384, 1386 (Ala. 1977), we need only to consider the circuit court's hearing and order in our review.
The circuit court conducted an extensive hearing in which it received evidence tending to establish probable cause that Williams committed the rape. A report as required by § 12-15-34 (e) was delivered to the court. Following this hearing the circuit court entered its order which basically recites § 12-15-34. As noted in Brown, where the order simply restates the language of the statute this Court will review the record to assure that the transfer is supported by the evidence. This Court will not interfere with the lower court's order unless it is "clearly erroneous." *Page 1158 353 So.2d 1384, 1388. Here it is apparent that the circuit court placed particular emphasis on the heinous nature of the crime, finding that it was "in the best interest of the public to proceed with the disposition of the cause as a criminal prosecution." After a thorough review of the record we are not able to say that the transfer was clearly erroneous. Consequently, the order of the circuit court must be affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.