Defendant, Vicky Renoe Terrell, age 15, was charged with murder and armed robbery. Relying on Code of 1975, § 12-15-34, the Juvenile Court of Etowah County ordered the defendant transferred to the circuit court for trial and disposition as an adult. The transfer order was appealed to the circuit court, which, after a hearing de novo, ruled that transfer of the case to criminal court was warranted by the evidence and that there was probable cause for believing that the allegations against Terrell were true and correct. We affirm.
The narrow issue posed in this case is virtually the same as that addressed by this Court in Brown v. State, Ala.,353 So.2d 1384 (1978), and Williams v. State, Ala., 361 So.2d 1157
(1978). In essence we are called upon to decide whether the trial court's action in ordering Terrell transferred for adult criminal treatment was "clearly erroneous" under the evidence. We hold that it was not.
Code of 1975, § 12-15-34 (d) requires a trial court to consider evidence relating to six factors in determining whether to transfer a juvenile case to the circuit court. Those factors are:
(1) The nature of the present alleged offense;
 (2) The extent and nature of the child's prior delinquency record;
 (3) The nature of past treatment efforts and the nature of the child's response to such efforts;
(4) Demeanor;
 (5) The extent and nature of the child's physical and mental maturity; and
 (6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline.
It is clear from the record in this case that an extensive hearing was held during which evidence pertinent to each of the foregoing factors was admitted. In its order the trial court stated that all of the statutory factors were taken into account in determining that Terrell's case should be transferred. It appears that the court felt that the evidence concerning the seriousness of the alleged offense and the best interest of the public outweighed the evidence of Terrell's low mental maturity (it is uncontroverted that he is mildly retarded).
After a thorough review of the entire record, we are unable to say that the trial court erred in any respect under Code of 1975, § 12-15-34, in ordering Terrell's case transferred for criminal prosecution. Other issues raised by defendant in brief may be appropriately addressed at the circuit court level when the case is tried. The transfer order must be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur. *Page 1240