The sole issue raised by this appeal is the propriety, velnon, of the juvenile court's transfer of Culley Max Bragg, a juvenile 14 years of age, to the circuit court for criminal prosecution as an adult. The complaint filed against Bragg charged that he was delinquent in that he did intentionally cause the death of another person in violation of Code 1975, §13A-6-2.
Because our affirmance mandates a subsequent trial of this cause before the Calhoun Circuit Court, we deem a full recitation of the facts untimely and improvident. It is sufficient for the purposes of this review to set out a portion of the juvenile court's order effecting the transfer:
 "The Court considering the results of that report, testimony taken on December 8, 1981, and the other matters as set out above, finds as follows:
 "1. That probable cause exists that the offense of Murder as alleged in the petition was committed and that said child committed said offense.
 "2. That said child at the time the alleged offense occurred was over 14 years of age and the act he was alleged to have committed would be a felony had he been an adult.
 "3. That the evidence is insufficient to show that the child is committable to an institution or agency for the mentally retarded or mentally ill.
 "4. That said child has an extensive juvenile court record.
 "5. That said child is a small 14 year old white male.
 "6. That there has been little benefit of the past treatment efforts on the part of the Juvenile Court.
 "7. That it would be in the best interest of the public to grant the motion.
 "The Court considering the above and each aspect of 12-15-34 (d), Code of Alabama, 1975, including the nature of the present offense, the child's demeanor, the extent and nature of the child's physical and mental maturity and the extent and nature of the child's prior delinquency record and the nature of the past treatment efforts and the child's response to such efforts as set out in the probation officer's report, and for cause shown,
 "It is therefore ORDERED, ADJUDGED AND DECREED that the said Culley Max Bragg be and is transferred to the Circuit Court of Calhoun County for criminal prosecution as an adult and is bound over to the grand jury for further investigation."
Transfer hearings are "probable cause" hearings, and the transferring court should not be reversed unless its ruling is clearly erroneous. Duncan v. State, 394 So.2d 930 (Ala. 1981);Terrell v. State, 379 So.2d 1238 (Ala. 1980); Williams v.State, 361 So.2d 1157 (Ala. 1978). *Page 717 
Probable cause, in the context of transfer hearings, has been defined as "that which would warrant a man of reasonable prudence and caution in believing that the offense has been committed and that the person in question is the offender."Duncan, supra, quoting Vincent v. State, 349 So.2d 1145 (Ala. 1977). The trial court's ruling may be found to be clearly erroneous if the order issued does not recite that the court has considered the six factors outlined in Code 1975, § 12-15-34 (d). The objective of § 12-15-34 (d) is to provide a "meaningful review" as mandated by Kent v. United States,383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). The mere recital in the transfer order, however, that the trial court has considered the six statutory factors is sufficient, Brown v.State, 353 So.2d 1384 (Ala. 1978), where there is evidence to support the order.
Close analysis of the record shows what we believe to be more than sufficient evidence to uphold the juvenile court's order of transfer. Consequently, the judgment appealed from is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.