BOWEN, Presiding Judge.
Fourteen-year-old John Anthony Cruse, the appellant, was indicted and convicted for the murder of Betty Tait. Sentence was life imprisonment. That conviction was affirmed by this Court without a published opinion in July of 1982. In April of 1983, Cruse, through counsel, filed a petition for writ of error coram nobis contending that his appointed counsel were ineffective both at trial and on appeal.
I
Initially, Cruse argues that trial counsel was ineffective because he did not appeal from the juvenile court’s order transferring the case to circuit court for criminal prosecution as an adult.
At the coram nobis hearing, Cruse’s appointed trial counsel testified. Reduced to its simplest and most fundamental elements, his testimony was that he chose not to appeal from the transfer order because it would have been “detrimental” to his client: “The boy was better off with a jury trial.”
Counsel candidly admitted that it was only after the criminal trial had begun that an associate informed him that the transfer order of the juvenile court did not comply with Alabama Code Section 12 — 15—34(d) (1975). The defect was that the written order, in determining whether the transfer motion should be granted, did not reflect consideration by the judge of the specific factors set out in the Code section. McKinney v. State, 404 So.2d 639 (Ala.1981). Counsel testified that even after he learned of the defect he did not raise the issue or attempt an appeal of the transfer order. This decision was based on a con *107 sideration of the circumstances as they appeared to counsel. He stated that it would have been “useless” to raise the issue: “It would not have done any good anyway considering Judge Strickland’s (the juvenile court judge) feelings about the case. * ⅝ * (A)ll that would happen” was that the judge “would change his order to conform to the requirements of the specificity.” There was “no way” counsel could persuade the juvenile court judge to treat Cruse as a juvenile: “(W)e were looking at a gruesome, cold-blooded, premeditated murder of one person; attempted murder of another person; and an assault first degree on the third person.”
Although Cruse had no criminal record prior to this offense, “by the time the (transfer) hearing came up he did have other offenses ... He tore hell out of the Youth Center.”
Counsel testified that another reason for not appealing the transfer order was because Cruse was given special consideration by Judge Strickland after the order was granted and was allowed to remain at the Youth Center rather than being transferred to the county jail. Cruse was eventually removed to the county jail because he “would not obey the rules” at the Youth Center, was “tearing up” the Center, and started a riot and a hunger strike.
Relevant to this issue is the circuit court’s denial of youthful offender treatment. The circuit judge who denied youthful offender treatment and presided over Cruse’s criminal trial also conducted the coram nobis hearing. He stated, “I did conduct an examination and determined that due to the number of offenses — three major felonies — plus the severity of it, particularly the murder case, that I wouldn’t arraign him as a youthful offender on that.”
Appointed appellate counsel testified that he filed a brief listing the adverse rulings and a “no merit letter with this Court on appeal of Cruse’s conviction.” He admitted that he did not raise any issue about the transfer hearing.
Our review convinces us that the representation by trial and appellate counsel was not inadequate, incompetent, or ineffective.
Trial counsel’s decision not to appeal the transfer order falls within the areas of a tactical decision and trial strategy and does not constitute egregious error, if error at all.
Most courts will not second guess the trial strategies of defense counsel.
“On reviewing ineffective assistance of counsel claims, we do not sit to second guess considered professional judgments with the benefit of 20/20 hindsight. Washington v. Watkins, 655 F.2d [1346] at 1355; Easter v. Estelle, 609 F.2d 756 (5th Cir.1980). We have consistently held that counsel will not be regarded constitutionally deficient merely because of tactical decisions. See United States v. Guerra, 628 F.2d 410 (5th Cir.1980), cert. denied, 450 U.S. 934, 101 S.Ct. 1398, 67 L.Ed.2d 369 (1981); Buckelew v. United States, 575 F.2d 515 (5th Cir.1978); United States v. Beasley, 479 F.2d 1124, 1129 (5th Cir.), cert. denied, 414 U.S. 924, 94 S.Ct. 252, 38 L.Ed.2d 158 (1973); Williams v. Beto, 354 F.2d 698 (5th Cir.1965). That an attorney’s strategy may appear wrong in retrospect does not automatically mandate constitutionally ineffective representation. Baty v. Balkcom, 661 F.2d 391, 395 n. 8 (5th Cir.1981); Baldwin v. Blackburn, 653 F.2d 942, 946 (5th Cir.1981).
“That counsel for a criminal defendant has not pursued every conceivable line of inquiry in a case does not constitute ineffective assistance of counsel. Lovett v. Florida, 627 F.2d 706, 708 (5th Cir.1980).”
Ford v. Strickland, 676 F.2d 434, 443 (11th Cir.1982).
Here, as in Ford, because the record reveals counsel’s representation was constitutionally adequate and there resulted no prejudice to petitioner by any action or inaction of counsel, Cruse has not carried his burden of proving ineffective assistance of counsel.
*108 Even though counsel was not aware of the particular grounds which Cruse now argues could have been raised on appeal, the decision not to appeal the transfer order was a conscious decision and was not the result of neglect or ignorance.
“A transfer hearing is held not for the determination of guilt or innocence but is in the nature of a preliminary hearing to determine whether there is probable cause for believing that the allegations are true.” Snow v. State, 423 So.2d 220, 222 (Ala.1982). It has been held that the mere recital in the transfer order of the six statutory factors of Section 12-15-34(d) is sufficient where there is evidence to support the order. Bragg v. State, 416 So.2d 715 (Ala.1982).
Reviewing what information we have about these six factors, we find that the present offense was a “gruesome, coldblooded, premeditated murder” of a sleeping victim which involved an attempted murder and assault upon two other victims. Cruse has no prior delinquency record although he was nearly a lifelong ward of the state and was “shunted” from foster home to foster home. Cruse’s behavior in the Youth Center reflected on “the nature of past treatment efforts and the nature of the child’s response to such efforts” as well as his “amenability to the juvenile system.” At the transfer hearing, counsel raised the issue that Cruse and his younger brother were being “severely beaten” at the time of the murder. In his transfer order, the judge of the juvenile court specifically found “probable cause as to the allegation(s)” of murder and attempted murder and further found that “the boy cannot be properly disciplined under the Juvenile Court statutes of this State.”
A detailed presentencing report filed as part of the record shows that Cruse has a history of violent and abusive behavior. An assessment conducted at Searcy State Hospital in February of 1981 states that Cruse is in the “Superior Range of intelligence”, “that his capacity for guilt and remorse seemed very limited”, and “that his judgment and insight are equally limited.”
Our review convinces us that an appeal of the transfer order would have resulted in a reversal of that order for its failure to list the six statutory factors. However, as a practical matter, this would only have caused a delay in the prosecution of Cruse as an adult. Following this remand, from the evidence in this record it is almost certain that the juvenile judge would have merely rewritten his order as trial counsel anticipated and ordered the transfer. This finding is reinforced by the fact that the trial judge denied Cruse youthful offender treatment. “Counsel is not required to waste the court’s time with futile or frivolous motions.” United States v. Talavera, 668 F.2d 625, 632 (1st Cir.) cert. denied sub nom. Pena v. United States, 456 U.S. 978, 102 S.Ct. 2245, 72 L.Ed.2d 853 (1982).
The testimony shows that appellate counsel satisfied his duty under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Defense counsel appointed to prosecute an appeal from a criminal conviction does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant. Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). We particularly note that it has never even been asserted that there is a nonfrivolous issue or colorable claim that should have been raised on appeal where the failure to present such claim prejudiced Cruse. See Jones, 103 S.Ct. at 3314 (Blackmun, J., concurring). In Mylar v. Alabama, 671 F.2d 1299 (11th Cir.1982), appellate counsel failed to file any brief. We do not consider Mylar persuasive here for the reason that an Anders brief was filed. See generally Annot. 15 A.L.R. 4th 582 (1982).
We note that this is an appeal from the denial of a petition for writ of coram nobis on which the petitioner had a substantial burden of proof. Corley v. State, 397 So.2d 223 (Ala.Cr.App.), cert. denied, Ex parte Corley, 397 So.2d 225 (Ala.1981); Summers v. State, 366 So.2d 336 (Ala.Cr. *109 App.1978), cert. denied, Ex parte Summers, 366 So.2d 346 (Ala.1979). Special significance is attached to the fact that there was no showing and not even the allegation that Cruse should have been treated as a juvenile or that there was some issue of merit on appeal. Most courts do not find ineffective assistance of counsel without a showing of prejudice, and place the burden of proof on the defendant. 71 Geo.L.J. 339, 596, Twelfth Annual Review of Criminal Procedure (1982). We will not reverse a conviction where the error has caused no injury.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.