Ranson Palmer was arrested in connection with the killing of a seven year old child, one Joyce Thomas. The appellant was sixteen years old at the time of this incident. A petition was filed with the Juvenile Court in Montgomery County, Alabama, charging this appellant with murder. A motion to transfer the appellant to circuit court for criminal prosecution was filed by the State. An amended petition charging the appellant with the offense of manslaughter was then filed by the State as well as a second motion to transfer. A hearing was held on the motion to transfer and the district court ordered the appellant transferred to the circuit court for prosecution. This appeal is taken from the court's order.
 I
The appellant contends the trial court erred by ordering his transfer to the circuit court.
 "The decision to transfer a juvenile for prosecution as an adult is a judicial one, Reeves v. State, 419 So.2d 217, 218 (Ala. 1982), involving a mandatory consideration of each of the factors enumerated in Section 12-15-34 (d). Gulledge v. State, 419 So.2d 219
(Ala. 1982); Mayne v. State, 416 So.2d 741 (Ala. 1982); Bragg v. State, 416 So.2d 715 (Ala. 1982); McKinney v. State, 404 So.2d 639 (Ala. 1981). While `legislation compels consideration of each of the six factors', Reeves, 419 So.2d at 218, the weight to be given each of those factors in balancing the interests *Page 1248 
of the juvenile and society must be left to the sound discretion of the juvenile court judge. Even though some of the factors may indicate that it would be in the best interest of the child and the public to treat the youth as a juvenile, the judge may still order treatment as an adult after weighing all the factors and circumstances involved.
 "`It is not necessary that all the factors be resolved against the juvenile in order to justify the waiver of juvenile court jurisdiction, nor is it necessary that the court make an arithmetic calculation as to the weight to be assigned to each factor, but all factors must be considered. The court is not bound by the recommendations of public agencies . . .' 43 C.J.S. Infants Section 46 (1978).
 "`(T)he final determination of whether to transfer the minor for criminal prosecution must be made by the juvenile court judge, and not by the state's attorney, probation officer, experts, or a parent.' 43 C.J.S. Infants Section 48. The judge can make that determination only after considering and weighing each and every factor listed in Section 12-15-34 (d).
 "In reviewing an order transferring a juvenile to the circuit court for criminal prosecution as an adult, this Court is limited to considering whether the juvenile court abused its discretion considering the totality of the circumstances involved. `In reviewing the record, this court has held that it will not interfere with a lower court's order transferring a juvenile to circuit court unless that order is clearly erroneous.' Mayne v. State, 416 So.2d 741, 742 (Ala. 1982). `The question involved on such review is not whether the reviewing court would reach a different conclusion but whether the decision reviewed has a rational basis and is too arbitrary or capricious.' 43 U.S. Infants Section 49 (b). Neither this Court nor our Supreme Court will interfere with the transfer order of the juvenile court unless it is `clearly erroneous'. Williams v. State, 361 So.2d 1157 (Ala. 1978)." (Footnote omitted).
Whisenant v. State, 466 So.2d 995, 998 (Ala.Crim.App. 1984), reversed on other grounds, 466 So.2d 1006 (Ala. 1985).
The court order in this case transferring the appellant to the circuit court clearly shows that the six factors set out in § 12-15-34, Code of Alabama 1975 were considered by the court in making this decision. Duncan v. State, 394 So.2d 930 (Ala. 1981);Poole v. State, 460 So.2d 1391 (Ala.Crim.App. 1984).
The order also states that it would be in the best interest of the appellant and the community that this case be transferred to the circuit court. (R. 90).
The court's decision to transfer this case to circuit court is supported by the record. Although the district court felt that the appellant could be helped by the juvenile system, he believed the case should not be handled by the juvenile system due to "the seriousness of the offense, the extent and nature of [the appellant's] physical and mental maturity and the interest of the community, and other reasons." (R. 18). The record clearly shows that the interests of the appellant as well as those of the community were considered in making this determination. Ash v.State, 424 So.2d 1381 (Ala.Crim.App. 1982), cert. denied,424 So.2d 1381 (Ala. 1983).
The court's order transferring the appellant to circuit court for prosecution is not clearly erroneous and, thus, his decision will not be reversed on appeal. Bragg v. State, 416 So.2d 715
(Ala. 1982); Duncan v. State, 394 So.2d 930 (Ala. 1981).
 II
The appellant claims the trial judge erred in his determination of probable cause that the offense of manslaughter had been committed.
The facts of this case are not in dispute. The appellant walked into his sisters bedroom. Several little girls, including the deceased, were playing in the bedroom. The appellant got his rifle and walked over to the deceased. He held the rifle within an inch of the little girl's head and said, *Page 1249 
"Joyce, look." (R. 11). He then pulled the trigger and shot the little girl. The appellant claimed he did not know the rifle was loaded.
Section 13A-6-3 (a)(1), Code of Alabama 1975 provides:
 "A person commits the crime of manslaughter if: he recklessly causes the death of another person."
 "`Recklessly' is defined in § 13A-2-2 (3), Code of Alabama 1975:
 "A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. A person who creates a risk but is unaware thereof solely by reason of voluntary intoxication, as defined in subdivision (e)(2) of section 13A-3-2, acts recklessly with respect thereto."
Obviously there was a substantial and unjustifiable risk that the deceased might die if the appellant pulled the trigger of a loaded gun. Certainly the appellant would be aware of that fact.
Although the appellant stated he did not know the gun was loaded, he never examined it to make sure. Therefore, the appellant consciously disregarded the risk that the gun might be loaded and that, if he pulled the trigger of the loaded gun, the deceased might be killed as a result of his actions.
The trial judge's determination of probable cause was proper.Williams v. State, 361 So.2d 1157 (Ala. 1978); Smith v. State,475 So.2d 633 (Ala.Crim.App. 1985).
For the reasons stated, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.