582 So.2d 444 (1991)
Ex parte J.R.
(Re J.R. v. State).
89-1518.
Supreme Court of Alabama.
March 1, 1991.
Richard S. Jaffe of Jaffe, Burton & Digiorgio, Birmingham, for petitioner.
Don Siegelman, Atty. Gen., and Andy S. Poole, Asst. Atty. Gen., for respondent
PER CURIAM.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON, STEAGALL and INGRAM, JJ., concur.
KENNEDY, J., dissents.
KENNEDY, Justice (dissenting).
This Court granted certiorari review to determine whether the Court of Criminal Appeals was correct in affirming the juvenile court's decision to transfer the defendant for criminal prosecution in the circuit court, where he now stands charged with capital murder.
The defendant, J.R., was 15 years of age at the time he was alleged to have committed the crime with which he is charged. Since December 11, 1989, when he was transferred for criminal prosecution, the defendant has been incarcerated in the Jefferson County jail. On May 25, 1990, the Court of Criminal Appeals, without an opinion, affirmed the juvenile court's transfer order. 567 So.2d 1370 (Ala.Cr.App.1990). On August 24, 1990, this Court stayed the criminal proceedings, granted the petition for writ of certiorari, and later granted a request for oral argument. The case was orally argued before this Court on December 10, 1990. Now, this Court deems it appropriate to quash the writ as improvidently granted. I dissent.
The defendant raised the following issues in his petition:
I. Whether the juvenile court based its decision to grant the State's motion to transfer the defendant for criminal prosecution solely on the nature of the offense charged, and, if so, whether the Court of Criminal Appeals erred in affirming the decision.
II. Whether the juvenile court transferred the defendant on a charge different from that alleged in the complaint in the circuit court, and, if so, whether the Court of Criminal Appeals erred in affirming in the transfer.
III. Did the juvenile court improperly allow the defendant's probation officer to give his opinion on the ultimate issue, that is, whether the defendant should be transferred for criminal prosecution.

*445 IV. Whether the inculpatory statement made by the defendant to the police was obtained in violation of the 5th and 14th amendments of the United States Constitution.
V. Whether the language of the transfer statute, Ala.Code 1975, § 12-15-34, establishes for the dispositional phase of the transfer hearing an appropriate burden of proof that the prosecutor must carry before a juvenile may be transferred for criminal prosecution and whether this Court has established a concomitant standard for reviewing a juvenile court's decision that the prosecutor has met that burden.[1]
VI. Whether the juvenile court's statement in its transfer order that it is in the best interest of the child or the public to transfer the child complies with § 12-15-34, which requires a juvenile court to set forth in writing its reasons for granting a motion to transfer a child.
As a former trial court judge who for several years served in the juvenile court, I am acutely aware that several of the issues raised in the defendant's petition have been left unresolved. Not only should this Court be willing to resolve, by opinion, these issues for the protection of the rights of the defendant, the State, and the victim in this case, but also this Court should resolve these issues to further juvenile justice.
As I have said, the defendant raises several issues of importance to the juvenile justice system. For example, the points raised by the defendant in Issue V are, in my opinion, very important to the juvenile justice system. Furthermore, I believe that the defendant's arguments concerning Issue V are meritorious. For this reason, I will discuss the points raised concerning that issue and will suggest an appropriate burden of proof and a concomitant standard of review.
The defendant argues in regard to Issue V that there is no established burden of proof that must be met before a juvenile court can waive its jurisdiction and that this Court should establish an appropriate burden of proof.
Section 12-15-34 does not provide for the dispositional hearing a burden of proof that the prosecutor must carry before a juvenile court may determine that it is in the best interest of the child or the public to grant a motion to transfer. However, this Court established a burden of proof applicable to transfer hearings generally in Brown v. State, 353 So.2d 1384 (Ala.1977). In that case, the defendant contended that § 12-15-34 violated his right to due process, specifically because § 12-15-34(f) requires merely that the juvenile court's order find that there is probable cause to believe that the allegations are true and correct. The defendant argued that the prosecutor should be required to prove beyond a reasonable doubt that the allegations are true and correct. This Court held:
"It is well recognized that a transfer hearing is not a hearing to adjudicate the guilt or innocence of the child accused of a crime but is, instead a probable cause hearing to determine whether the child should be transferred out of the juvenile court for criminal prosecution as an adult."
353 So.2d at 1387-88 (emphasis added).
This Court went a step further in Duncan v. State, 394 So.2d 930 (Ala.1981), and defined probable cause as that which would "`warrant a man of reasonable prudence and caution in believing that the offense has been committed and that the person in question is the offender.'" 394 So.2d at 932 (citation omitted). See also Ash v. State, 424 So.2d 1381 (Ala.Crim.App.1982); Slaton v. State, 555 So.2d 814 (Ala.Crim. App.1989). Citing Brown v. State, supra, we stated that hearings on a motion to transfer are properly classified as probable cause hearings, and that, therefore, the *446 strict standard of proof beyond a reasonable doubt does not apply. 394 So.2d at 932.
In Brown and Duncan, the juveniles argued that there was not sufficient evidence to prove that they had committed the crimes alleged. Thus, the standard of proof established in Brown and developed in Duncan applies only to the probable cause phase of a transfer hearing. There is no established burden of proof that applies to the dispositional phase of a transfer hearing. The only pronouncement that appellate courts have made in regard to the burden of proof in dispositional hearings has been to hold that the record supported the findings on which a juvenile court based a transfer order. See Scott v. State, 501 So.2d 1273 (Ala.Crim.App.1986); Cruse v. State, 489 So.2d 694 (Ala.Crim.App. 1986).
In Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), the United States Supreme Court stated "that the waiver of jurisdiction is a `critically important' action determining vitally important statutory rights of juveniles." 383 U.S. at 556, 86 S.Ct. at 1055.
"`[I]t is implicit in [the Juvenile Court] scheme that non-criminal treatment is to be the ruleand the adult criminal treatment, the exception which must be governed by the particular factors of individual cases.'"
383 U.S. at 560-61, 86 S.Ct. at 1057 (citation omitted). Courts in other jurisdictions have provided a standard of proof where none has been statutorily imposed.[2] Because I conclude, as the United States Supreme Court has stated, that transfer hearings determine vitally important statutory rights of juveniles, I would hold that the prosecutor should be required to meet a specified standard of proof before a juvenile court could determine in the dispositional hearing that it is in the best interest of the child or the public to grant a motion to transfer.
In determining what standard of proof should be required, I look to Chapter 15 of Title 12 of the Alabama Code 1975, which governs juvenile proceedings. Article 2 of that chapter, entitled "Jurisdiction and Venue," and in which § 12-15-34 is found, provides that the juvenile court shall exercise exclusive original jurisdiction of delinquency proceedings. § 12-15-30. The jurisdiction of the juvenile court can be terminated only pursuant to the procedure provided in § 12-15-34. Article 3 of the same chapter, entitled "Procedure Generally," provides the procedure for "hearings [held] under Chapter 15." See § 12-15-65. Section 12-15-65(e) states the burden of proof required in delinquency, in need of supervision, and termination of parental rights hearings:
"If the court finds from clear and convincing evidence, competent, material and relevant in nature, that the child is dependent and in need of care or supervision or from clear and convincing evidence, competent, relevant and material in nature, that the child is in need of care or rehabilitation as a delinquent child or a child in need of supervision, or from clear and convincing evidence, competent, relevant and material in nature that parental rights should be terminated the court may proceed immediately, in the absence of objection showing good cause or at a postponed hearing, to make proper disposition of the case." (Emphasis added.)
Thus, in order for a juvenile court to proceed to make proper disposition of a case under § 12-15-65(e), there must be clear and convincing evidence that the child is dependent and in need of care or supervision, is in need of care or rehabilitation as a delinquent child, or is a child in need of supervision, or that parental rights should be terminated.
In order to transfer a juvenile, § 12-15-34 requires, first, that there be probable cause to believe that the child committed the offense alleged (a felony), and, second, at the dispositional phase of *447 the hearing, that it is in the best interest of the child or the public to grant the motion to transfer. In my opinion, the right of a juvenile to remain within the jurisdiction of the juvenile system is equally as important as those rights protected by the due process requirements of § 12-15-65. This is especially true because "[i]n most cases, youths will not receive better rehabilitative services in the adult correctional system than are available in the juvenile system." B. Feld, The Juvenile Court Meets the Principle of the Offense: Legislative Changes in Judicial Waiver Statutes, 78 J.Crim.L. & Criminology 471, 497 (1987). Thus, I would hold that the same standard of proof should apply in transfer cases as now applies in delinquency, in need of supervision, and termination of parental rights hearingsthat is, I would hold that a juvenile court may grant a motion to transfer a juvenile if it finds from clear and convincing evidence that it is in the best interest of the child or the public to do so.[3]
The defendant also argues, and I agree, that this Court should establish a standard for reviewing a juvenile court's decision at the dispositional hearing that a juvenile should be transferred.
The standard of review for transfer hearings has developed since the passage of Act No. 1205, Ala. Acts 1975, from which came § 12-15-34. Winstead v. State, 371 So.2d 418 (Ala.1979). The issue has been confused somewhat because the same standard of review has been applied to both the probable cause and the dispositional phases of the transfer hearing. This result has obtained because heretofore there has been no burden of proof established for the dispositional phase of transfer hearings. Also, the same standard of review has been applied to both the findings of fact and the legal conclusions of juvenile courts. I will summarize the development of the standard of review in transfer cases.
As I have stated, in Brown v. State, supra, this Court held that transfer hearings are properly classified as probable cause hearings. Additionally, we held that because the appellate court will review the record of the transfer hearing, the juvenile court in that case did not err in failing to state in writing its reasons for transferring the juvenile. Brown, supra, at 1388.[4] We held that in reviewing the record, Rule 52, A.R.Civ.P., precludes us from reversing the findings of the lower court unless the findings are clearly erroneous. Brown, supra.
In Williams v. State, 361 So.2d 1157 (Ala.1978), this Court applied the clearly erroneous standard of review to the circuit court's transfer order:
"Following [the transfer] hearing the circuit court entered its order which basically recites § 12-15-34. As noted in Brown, where the order simply restates the language of the statute this Court will review the record to assure that the transfer is supported by the evidence. This Court will not interfere with the lower court's order unless it is `clearly erroneous.' 353 So.2d 1384, 1388.... After a thorough review of the record we are not able to say that the transfer was clearly erroneous. Consequently, the order of the circuit court must be affirmed."
361 So.2d at 1157-58 (emphasis added). Thus, although the clearly erroneous standard of review set out in Rule 52 and applied in Brown, supra, applies only to findings of fact, we held in Williams that we will not reverse a lower court's order unless it is clearly erroneous.
In Winstead v. State, supra, this Court combined its review of the probable cause and dispositional phases of the transfer hearing. We stated that a transfer hearing is in the nature of a preliminary hearing to determine whether there is probable cause to believe that the juvenile committed the *448 crimes alleged. Winstead, supra, at 420. We then held that, based on a consideration of the factors listed in § 12-15-34(d), ample evidence existed to support the trial court's finding of probable cause. Id. It was at this point that the distinction between the probable cause and the dispositional phases of the transfer hearing was blurred. This Court said that the determination of probable cause is to be made in consideration of the factors listed in § 12-15-34(d). These factors are to be considered not to determine whether probable cause exists, but to determine at the dispositional hearing whether it is in the best interest of the child or the public to grant the transfer motion. This caused this Court, in later cases, to review the probable cause and dispositional phases of the transfer hearing by the same standard.
In Bragg v. State, 416 So.2d 715 (Ala. 1982), this Court reviewed the propriety of both the juvenile court's finding of probable cause and its ruling in the dispositional phase of the hearing that the juvenile should be transferred. This Court stated:
"Transfer hearings are `probable cause' hearings, and the transferring court should not be reversed unless its ruling is clearly erroneous."
416 So.2d at 716, citing Duncan v. State, supra. We applied the "clearly erroneous" standard of review to both the probable cause and the dispositional phases of the transfer hearing.
Since Bragg, the standard of review has been expounded on, and, in Cruse v. State, 489 So.2d 694 (Ala.Crim.App.1986), the Court of Criminal Appeals summarized as follows concerning the standard of review:
"`Transfer hearings are "probable cause" hearings, and the transferring court should not be reversed unless clearly erroneous.' Bragg v. State, 416 So.2d 715, 716 (Ala.1982). `The mere recital in the transfer order, that the trial court has considered the ... factors [listed in § 12-15-34(d) ] is sufficient, Brown v. State, 353 So.2d 1384 (Ala.1977), where there is evidence to support the order.' Bragg, 416 So.2d at 717. An appellate court will not interfere with a juvenile court's order of transfer unless that order is `clearly erroneous.' Williams v. State, 361 So.2d 1157 (Ala. 1978).
"`In reviewing an order transferring a juvenile to the circuit court for criminal prosecution as an adult, this Court is limited to considering whether the juvenile court abused its discretion considering the totality of the circumstances involved. "In reviewing the record, this court has held that it will not interfere with a lower court's order transferring a juvenile to circuit court unless that order is clearly erroneous." Mayne v. State, 416 So.2d 741, 742 (Ala.1982). "The question involved on such review is not whether the reviewing court would reach a different conclusion, but whether the decision reviewed has a rational basis and is not arbitrary or capricious." 43 C.J.S. Infants Section 49(b). Neither this Court nor our Supreme Court will interfere with the transfer order of the juvenile court unless it is "clearly erroneous." Williams v. State, 361 So.2d 1157 (Ala.1978).' Whisenant v. State, 466 So.2d 995, 998 (Ala.Cr.App.1984), reversed on other grounds, Ex parte Whisenant, 466 So.2d 1006 (Ala.1985)."
489 So.2d at 697-700.
I agree that a juvenile court's determination that probable cause exists to believe that a juvenile committed the offense alleged should not be set aside unless it is clearly erroneous. However, I would hold, consistent with my discussion concerning burdens of proof, that a different standard should exist for reviewing the juvenile court's determination at the dispositional phase of the transfer hearing. I think it proper to apply the same standard of review to a juvenile court's determination that it is in the best interest of the child or the public to transfer as this Court applies in other instances where the prosecution must prove its case from clear and convincing evidence. See § 12-15-65(e).
For example, in child custody cases, the right of natural parents to maintain custody of their child may be overcome only by clear and convincing evidence. Columbus *449 v. State Department of Human Resources, 523 So.2d 419 (Ala.Civ.App.1987); Johnson v. State, 485 So.2d 1185 (Ala.Civ. App.1986). In Columbus, the parent whose rights were terminated argued that the ore tenus rule should not apply to the determination of the propriety of termination of parental rights. The Court of Civil Appeals replied:
"We do not find merit in this argument. The ore tenus rule is merely a standard of review that the appellate courts use to review factual determinations of the trial court and not the burden of persuasion. The burden of proof required is clear and convincing evidence as mandated by statute in Alabama. See, §§ 12-15-65(e) and 26-18-7(a), Code 1975. The appellate court must find, within the record, sufficient evidence that is clear and convincing in order to affirm."
523 So.2d at 421.
Similarly, I would hold that an appellate court must find, within the record, clear and convincing evidence in order to affirm a juvenile court's determination at the disposition hearing that it is in the best interest of the child or the public to transfer the child for criminal prosecution.
My dissent is not meant to be a reflection on the wisdom of the juvenile court in this case. I am simply expressing my opinion that, by quashing the writ that we had issued to the Court of Criminal Appeals, which had affirmed without an opinion the juvenile court's orderwhich would ultimately result in an indictment for capital murderthis Court may have acted expediently, but certainly not justly.
NOTES
[1] Transfer hearings are divided into two phases, the probable cause hearing and the dispositional hearing. At the probable cause hearing, the juvenile court determines whether there is probable cause to believe that the child committed the alleged crime. At the dispositional hearing, the juvenile court determines whether it is in the best interest of the child or the public to transfer the child.
[2] See, e.g., D.H. v. State, 561 P.2d 294 (Alaska 1977); Matter of Tacy, 427 N.E.2d 919 (Ind.App. 1981); Matter of Le Blanc, 171 Mich.App. 405, 430 N.W.2d 780 (1988); W.C.P. v. State, 791 P.2d 97 (Okla.Crim.App.1990); State in Interest of R.W., 717 P.2d 258 (Utah 1986).
[3] Because juvenile courts commonly hold the probable cause and dispositional phases of transfer hearings at the same time, I would caution juvenile courts to be aware of the different burdens of proof that pertain to the two phases of a transfer hearing.
[4] In regard to Issue VI, the defendant argues that § 12-15-34 requires a juvenile court to state in writing its reasons for transferring a juvenile.