The defendant, Cecil Deron Young, was indicted by the Lawrence County Grand Jury on a charge of murder. Upon a showing that the defendant was sixteen years of age the case was transferred by the Circuit Court of Lawrence County to the district court, juvenile division. Pursuant to Code of Ala. 1975, § 12-15-34, that court ordered the defendant re-transferred to the circuit court for trial and disposition as an adult. This transfer order was appealed to the circuit court, and a de novo hearing was held on the question whether the defendant should be transferred to the circuit court. On January 28, 1980 the circuit court ordered that the minor defendant should be *Page 826 
certified as an adult and that trial should proceed on the indictment. The defendant appealed this order. We reverse and remand.
The major issue presented is whether the trial court's order that Young be transferred to stand trial as an adult was in compliance with Code of 1975, § 12-15-34, and with the dictates of Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045,16 L.Ed.2d 84 (1966).
Kent, supra, is the leading case on juvenile rights. There the Supreme Court stated:
 [W]e hold that it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor. We do not read the statute as requiring that this statement must be formal or that it should necessarily include conventional findings of fact. But the statement should be sufficient to demonstrate that the statutory requirement of "full investigation" has been met; and that the question has received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review. 383 U.S. at 561, 86 S.Ct. at 1057.
Code of 1975, § 12-15-34 (d), which was enacted after Kent,supra, requires a district court to consider evidence of six specific (and other relevant) factors in determining whether a transfer motion should be granted. Upon a trial de novo incircuit court, those same factors apply in the determination of the question of transfer, and the circuit court order must reflect consideration of those specific factors. Were it otherwise, we could be faced with the anomalous situation in which on the same issue, the propriety of transfer, two courts would apply different standards. Those factors which each court must consider are:
(1) The nature of the present alleged offense;
 (2) The extent and nature of the child's prior delinquency record;
 (3) The nature of past treatment efforts and the nature of the child's response to such efforts;
(4) Demeanor;
 (5) The extent and nature of the child's physical and mental maturity; and
 (6) The interest of the community and of the child requiring that the child be placed under legal restraint or discipline. [§ 12-15-34 (d), Code of 1975.]
In the present case the order of the circuit court does not meet the standards set out in § 12-15-34 (d). That order reads in pertinent part:
 The Court further finds from the evidence offered in this matter that the charge at present pending against the defendant made the basis of the Grand Jury Indictment numbered CC-79-165, involves the killing of a human being in Lawrence County, Alabama, and that the offense is of a serious nature as categorized by the felony statutes within the State of Alabama.
 The Court, after consideration of the evidence offered by the petitioner and the defendant and the evidence offered by the clinical psychologist [who] testified in this case, [is] of the opinion that in the interest of society and the administration of the criminal law and of the defendant in general, that the defendant should be certified to the Circuit Court to stand trial on the indictment at present pending against him and the Court will so Order.
There is thus no statement or finding in the order of the trial court to show that it considered those specific factors in § 12-15-34 (d). This Court has previously held that a transfer order containing a mere restatement of the factors set out in the statute is valid. Brown v. State, Ala.,353 So.2d 1384 (1977). Here, however, there is no such recitation. The order appears to be based on the fact that the charge is a serious crime and on the opinion that the transfer would be in the best interest of society and of the defendant.
The nature of the crime and the best interest of the community are but two of the six mandatory factors to be considered in granting a transfer order. For aught *Page 827 
that appears the legislature gave no particular significance or additional weight to these two factors. Consideration of each of the six factors must be made in the transfer order.
Moreover, Code of 1975, § 12-15-34 (f) specifically provides:
 When a person is transferred for criminal prosecution, the court shall set forth in writing its reasons for granting the motion, which shall include a finding of probable cause for believing that the allegations are true and correct.
In the present order there was no statement of probable cause. Absent such a finding, which is clearly required prior to transfer, this transfer is invalid.
Because this cause must be reversed and remanded for the reasons assigned, it is unnecessary to consider other issues raised by the appellant.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.