The defendant, Kathy Ann McKinney, a juvenile, appeals from an order transferring her case from the juvenile court to the *Page 640 
criminal division of the Talladega County Circuit Court. She contends that the order of the circuit court does not comply with Code 1975, § 12-15-34. We reverse and remand
On June 4, 1980, the State filed a request with the juvenile court to transfer McKinney to the circuit court to be tried as an adult. On June 10, 1980, after a hearing, the juvenile court issued an order to transfer. This order is more than adequate to meet the requirements of § 12-15-34. However, the defendant appealed de novo to the circuit court, as provided in Code 1975, § 12-15-120. The circuit court's order is as follows:
ORDER
 This cause coming on to be heard and the Court having read and understanding the pleadings and having listened to and read the exhibits and heard the testimony ore tenus and the defendant being in open Court with her attorney, The Honorable George Sims, the Court finds as follows, to wit:
 1. Kathy Ann McKinney was 14 or more years of age at the time of the alleged conduct made the basis of this prosecution; wherein, she is alleged to have committed an act which would constitute a felony if committed by an adult, to wit: the offense of murder
 2. It is in the best interest of the public to proceed in the disposition of this cause as a criminal prosecution
 3. There are no reasonable grounds to believe the defendant is committable to an institution or agency of the mentally retarded or mentally ill
 Therefore, it is ORDERED, ADJUDGED, and DECREED that the same be transferred to the District Court of Talladega County, Alabama, for criminal prosecution and thereafter be treated as an adult case in the District and Circuit Court of the Twenty-Ninth Judicial Circuit
Done this 25th day of November 1980
This order is not sufficient to meet the requirements of § 12-15-34. This Court stated in Young v. State, 387 So.2d 825
(Ala. 1980) that:
 Code of 1975, § 12-15-34 (d), . . . requires a district court to consider evidence of six specific (and other relevant) factors in determining whether a transfer motion should be granted. Upon a trial de novo in circuit court, those same factors apply in the determination of the question of transfer, and the circuit court order must reflect consideration of those specific factors. Were it otherwise, we could be faced with the anomalous situation in which on the same issue, the propriety of transfer, two courts would apply different standards. Those factors which each court must consider are:
(1) The nature of the present alleged offense;
 (2) The extent and nature of the child's prior delinquency record;
 (3) The nature of past treatment efforts and the nature of the child's response to such efforts;
(4) Demeanor;
 (5) The extent and nature of the child's physical and mental maturity; and
 (6) The interest of the community and of the child requiring that the child be placed under legal restraint or discipline. [§ 12-15-34 (d), Code of 1975.]
 In the present case the order of the circuit court does not meet the standards set out in § 12-15-34 (d). . .
. . . .
 There is thus no statement or finding in the order of the trial court to show that it considered those specific factors in § 12-15-34 (d). This Court has previously held that a transfer order containing a mere restatement of the factors set out in the statute is valid. Brown v. State, Ala., 353 So.2d 1384 (1977). Here, however, there is no such recitation. The order appears to be based on the fact that the charge is a serious crime and on the opinion that the transfer would be in the best interest of society and of the defendant
 The nature of the crime and the best interest of the community are but two of *Page 641 
the six mandatory factors to be considered in granting a transfer order. For aught that appears the legislature gave no particular significance or additional weight to these two factors. Consideration of each of the six factors must be made in the transfer order
 Moreover, Code of 1975, § 12-15-34 (f) specifically provides:
 When a person is transferred for criminal prosecution, the court shall set forth in writing its reasons for granting the motion, which shall include a finding of probable cause for believing that the allegations are true and correct
 In the present order there was no statement of probable cause. Absent such a finding, which is clearly required prior to transfer, this transfer is invalid
For the reasons stated in Young, this case must be reversed and the cause remanded
REVERSED AND REMANDED
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur