Danny Ray Mayne, a juvenile, appeals from an order of the circuit court transferring him to that court for criminal prosecution as an adult and ordering that he be bound over to the grand jury for further investigation of a pending charge against him of the offense of rape in the first degree. He contends the evidence presented at the hearing on the motion to transfer was insufficient to warrant a finding of probable cause based on the requirements of § 12-15-34, Code 1975.
On 17 June 1981, the State filed a motion to transfer requesting that Danny Ray Mayne be transferred to Calhoun County Circuit Court for treatment as an adult. On 20 July 1981, after a hearing on the motion, the court issued an order to transfer. The circuit court's order, in pertinent part, is as follows:
"ORDER
 "This matter came before the Court for hearing on a Motion To Transfer, filed pursuant to 12-15-34 of the Code of Alabama, 1975,. . . . The Court received testimony and the probation officer's report filed pursuant to 12-15-34 (e), and considering the testimony, the probation officer's report and all aspects as required to be considered under such motion under 12-15-34 (d), finds as follows:
 "1. That probable cause exists that the offense charged was committed and that said child committed said offense.
 "2. That said child at the time the alleged offense occurred was over 14 years of age and the act he was alleged to have committed would be a felony had he been an adult.
 "3. That the child is not and has not been for some time enrolled as a student in school. *Page 742 
 "4. That the child is physically mature and has the appearance of one much older than his chronological age of 17.
 "5. That the child does not appear to fit the criteria of any treatment facility or probation within the Juvenile Court because of his physical size, his age, his educational background and his emotional maturity.
 "6. That it appears to be in the best interest of the community and of this child to have him transferred to the Circuit Court of Calhoun County, Alabama, for criminal prosecution based on the above findings and the nature of the present offense.
 "It is therefore ORDERED, ADJUDGED AND DECREED that the said Danny Ray Mayne be and is transferred to the Circuit Court of Calhoun County for criminal prosecution as an adult and is bound over to the grand jury for further investigation. . . ."
(Emphasis added.)
We affirm.
Code 1975, § 12-15-34 (d), requires a transferring court to consider evidence of six specific (and other relevant) factors in determining whether a motion to transfer should be granted. Those factors which that court must consider are:
"(1) The nature of the present alleged offense;
 "(2) The extent and nature of the child's prior delinquency record;
 "(3) The nature of past treatment efforts and the nature of the child's response to such efforts;
"(4) Demeanor;
 "(5) The extent and nature of the child's physical and mental maturity; and
 "(6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline."
The written order of the circuit court in this case is in full compliance with § 12-15-34 (d) as construed by this court in Young v. State, 387 So.2d 825 (Ala. 1980); McKinney v.State, 404 So.2d 639 (Ala. 1981). There is no requirement that the transferring court make a specific finding on each of the six factors to be considered under § 12-15-34 (d), only that the order contain some statement that those factors were considered in order that the appellate courts can make a determination that the requirements of the statute have been met. Young, supra; Kent v. United States, 383 U.S. 541,86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).
This court has previously held that a transfer order containing a mere restatement of the factors set out in the statute is valid. Brown v. State, 353 So.2d 1384 (Ala. 1977). Although the transferring court, in this case the circuit court, did not specifically enumerate each of the six factors in its order, it did state that "all aspects as required to be considered under such motion under 12-15-34 (d) . . ." were considered. We opine that the above pronouncement sufficiently reflects consideration of the six factors stated in § 12-15-34 (d). Accordingly, that language is sufficient to permit this court to give a meaningful review to the sufficiency of the transfer order and to conclude that it complies with the requirements delineated in Kent.
Because the defendant has conceded there is probable cause to send the charges to the grand jury, discussion of that issue is unnecessary.
In reviewing the record, this court has held that it will not interfere with a lower court's order transferring a juvenile to circuit court unless that order is clearly erroneous. Duncan v.State, 394 So.2d 930 (Ala. 1981); Williams v. State,361 So.2d 1157 (Ala. 1978). After careful review of the record in this case, we find no evidence on which to base a determination that the trial judge was clearly erroneous.
Therefore, let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur. *Page 743