The defendant, James Robert Reeves, Jr., a juvenile, appeals from an order transferring his case from the juvenile division to the criminal division of Mobile County Circuit Court. He contends that the order of the juvenile division does not comply with Ala. Code 1975, § 12-15-34. We reverse and remand.
On November 3, 1981, the state filed a motion with the juvenile division to transfer Reeves to the criminal division to be tried as an adult on a charge of murder. On December 8, 1981, after a hearing, the juvenile division issued an order to transfer. Reeves perfected his appeal of that order to this Court on December 17, 1981. The juvenile division issued an order on January 15, 1982, amending nunc pro tunc the order of December 8, 1981. Reeves attacks the validity of both orders.
Section 12-15-34 (d), Ala. Code 1975, requires a juvenile court to consider evidence of six specific (and other relevant) factors in determining whether a transfer motion should be granted. The statute mandates that the court order reflect consideration of those specific factors, and "set forth the basis for the order with sufficient specificity to permit meaningful review." Kent v. United States, 383 U.S. 541,86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). Those factors which the court must consider are:
"(1) The nature of the present alleged offense;
 "(2) The extent and nature of the child's prior delinquency record;
 "(3) The nature of past treatment efforts and the nature of the child's response to such efforts;
"(4) Demeanor;
 "(5) The extent and nature of the child's physical and mental maturity; and
 "(6) The interest of the community and of the child requiring that the child be *Page 218 
placed under legal restraint or discipline. [§ 12-15-34 (d), Code of 1975.]"
In the present case, the order of the juvenile division, dated December 8, 1981, does not meet the standards set out in § 12-15-34. That order reads as follows:
 "In the Matter of JAMES ROBERT REEVES, "Case No: JU-81-803.01.
 "The child, James Robert Reeves, a white male, age 16 at the time of the alleged offense, being charged with Murder, which said offense would constitute a felony if committed by an adult. Notice of said hearing being given to the child who was detained for one day at the Mobile County Youth Center, and the child appearing in Court with his parents, and his Attorney, Mr. M.A. Marsal; the Assistant District Attorney, Mr. Al Pennington, present for the prosecution, and the Assistant District Attorney, having complied with all preliminary motions and investigations, and both parties announcing ready for the hearing on the Motion to Transfer for Criminal Prosecution, and the Court hearing the complaint, and witnesses presented by both attorneys; investigation of the case, and the child's background as follows:
 "The Court does find there is probable cause as to the allegation of Murder, and does further find that the boy cannot be properly disciplined under the Juvenile Court statutes of this state, and the Court, having arrived at this decision based on the facts and other aspects, does therefore direct that, under the terms of Section 12-15-34 (e), Title 12, Code of Alabama, said child be and hereby is transferred to the Circuit Court, Mobile County, Alabama, there to be tried according to law.
 "The Court does further fix a bond in the amount of $15,000.00 and pending the making of this bond, does direct that this child, James Robert Reeves, shall be transferred to the Mobile County Jail, pending a disposition of this case by the Circuit Court of Mobile County, Alabama, through trial or other order, pending further order of Court.
"Done this 8th day of December, 1981."
There is no statement or finding in this order of the trial court to show that it considered those specific factors in § 12-15-34 (d). We have previously held that a transfer order containing a restatement of the factors set out in the statute, and thereby indicating that each was considered by the court, is valid. Brown v. State, 353 So.2d 1384 (Ala. 1977). Here, however, there is no such recitation. Thus, it falls short of the statutory requirements. Although it notes that the charge is a serious crime and expresses the opinion that the defendant cannot be properly disciplined in the juvenile system, the statute requires that it go further and consider the other factors enumerated. The nature of the crime and the child's response to any treatment or discipline efforts are but two of the six mandatory factors to be considered in granting a transfer order. The legislation compels consideration of each of the six factors and that the transfer order reflect consideration thereof. McKinney v. State, 404 So.2d 639 (Ala. 1981); Young v. State, 387 So.2d 825 (Ala. 1980). For an example of a transfer order which comports with the statutory mandate, see Gulledge v. State [MS. August 27, 1982],419 So.2d 219 (Ala. 1982); Mayne v. State, 416 So.2d 741 (Ala. 1982); andBragg v. State, 416 So.2d 715 (Ala. 1982).
Reeves also attacks the validity of the order nunc pro tunc of January 15, 1982. The trial court attempted to amend its original transfer order with an order nunc pro tunc, which addressed each of the six required factors found in § 12-15-34 (d). Reeves contends that the amended order of January 15 is invalid on the grounds that: (1) The trial court cannot cure judicial error by amending its order nunc pro tunc; and (2) the trial court no longer had jurisdiction over the original transfer order once Reeves had perfected his appeal to this Court. Either of these grounds, alone, is sufficient to invalidate the order.
Clearly, consideration of the six statutory factors in its original transfer order is a judicial function and not a clerical one. *Page 219 
As such, an amendment nunc pro tunc is impermissible to remedy the defect. Alabama Hide and Tallow Company v. Pincheon,282 Ala. 404, 211 So.2d 896 (1968).
Secondly, after an appeal is taken, the trial court may proceed only in matters "which are entirely collateral to that part of the case which is taken up (by the appeal) but it can do nothing in respect to any matter or question which is involved in the appeal, and which may be adjudged by the appellate court." Osborn v. Riley, 331 So.2d 268, 271 (Ala. 1976), quoting from Barran v. Roden, 263 Ala. 305, 82 So.2d 398
(1955).
For the reasons stated, we reverse and remand for a new hearing on the state's motion to transfer.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.