SAM W. TAYLOR, Judge.
Appellant was ordered transferred from the juvenile division of the circuit court of Mobile County for criminal prosecution as an adult. This appeal is from that order. Appellant contends that the order failed to comply with § 12-15-34(b), Code of Alabama 1975. Specifically he argues that the order must contain a finding that “.. . there are no reasonable grounds to believe he is committable to an institution or agency for the mentally retarded or mentally ill.. .”.
Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966) established the standard in stating:
Meaningful review requires that the reviewing court should review. It should not be remitted to assumptions. It must have before it a statement of the reasons motivating the waiver including, of course, a statement of the relevant facts. It may not “assume” that there are adequate reasons, nor may it merely assume that “full investigation” has been made. Accordingly, we hold that it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor.
The transfer order reviewed in the case of Brown v. State, 353 So.2d 1384 (Ala.1977) contained the “no reasonable grounds” finding, and the court ruled that the requirements mandated by both § 12-15-34(b), Code of Alabama 1975, and the Kent case were met. Young v. State, 387 So.2d 825 (Ala.1980) was remanded on the grounds that the order in question omitted six specific factors and the finding of probable cause required.
The requirement imposed by statute that the judge find there are no reasonable grounds to believe the juvenile is committa-ble to an institution or agency for the mentally retarded or mentally ill means that this finding should be recited in the order of transfer. Absent this required finding, the transfer is invalid. For this reason, this cause is reversed and remanded to the transferring court for further consideration consistent with the foregoing.
REVERSED AND REMANDED.
All the Judges concur.