435 So.2d 53 (1983)
Robert E. RAY, Jr.
v.
STATE of Alabama.
81-351.
Supreme Court of Alabama.
July 8, 1983.
Roger C. Appell, Birmingham, for appellant.
Charles A. Graddick, Atty. Gen., and Thomas R. Allison, Asst. Atty. Gen., for appellee.
EMBRY, Justice.
This is an appeal from a judgment of the Circuit Court of Jefferson County transferring appellant Robert E. Ray, Jr., to the Criminal Division of that court for trial as an adult on charges of murder and robbery, first degree. The judgment was entered after trial de novo on appeal from the Family Court of Jefferson County.
Ray alleges there are two issues presented for review by this court:
"I. The transfer order does not comply with § 12-15-34 Code of Alabama, 1975 and Young v. State [387 So.2d 825 (Ala.1980)].
"II. The evidence presented by the State at the Petitioner's transfer hearing was insufficient to sustain their [sic] burden."
The State says the trial judge complied with § 12-15-34, Code 1975, in affirming the Family Court judge's transfer of Ray's case from that court to Circuit Court, Criminal Division, citing Young, supra, and Mayne v. State, 416 So.2d 741 (Ala.1982).
We find no merit in appellant's contention that the State failed to sustain its burden of proof, under the evidence of record, warranting transfer of Ray for trial as an adult. However, the order does not meet the requirements of § 12-15-34(d), Code 1975, when compared to the order scrutinized in Mayne v. State, 416 So.2d 741 (Ala.1982). The order in this case reads:
"This the 13th day of November, 1981, this cause coming on for hearing, and there being present in open Court the child, Robert Earl Ray, with his attorney, Honorable Roger Appell, the deputy district attorney, Honorable Tommy Nail, and it being shown to the Court that this is an appeal from the Family Court of Jefferson County, Alabama, and the Court having heard the sworn testimony *54 taken in open Court, including that of Jack Lill, J. Glass, William Lee Turner, and James Earl Smith, finds that the State of Alabama has established probable cause by sufficient evidence to show that the said Robert Earl Ray did, in the course of committing a theft of a class ring and a watch, the property of Robert Clayton Lill, use force against the person of Robert Clayton Lill, with intent to overcome his physical power or resistance and at the time caused serious physical injury to the said Robert Lill, in violation of Title 13A-8-41 of the Code of Alabama, as alleged in the original petition, and the Court further taking into consideration the nature of the pending alleged offense, the extent and the nature of the child's physical and mental maturity and the interest of the community and the child, and the Court further finds that the Honorable G. Ross Bell, Judge of the Family Court for Jefferson County, Alabama, did not abuse his discretion in transferring the said Robert Earl Ray to be tried as an adult, and the Court having tried this matter de novo, it is therefore ordered, adjudged and decreed that this cause be and it is hereby transferred to the Criminal Division of the Circuit Court, for the 10th Judicial Circuit of Alabama, as provided by Section 12-15-34, Code of Alabama, 1971.
"This the 13th day of November, 1981, defendant hereby gives notice of appeal."
For the reason assigned, we are compelled to remand this case to the circuit court for that court to correct its transfer order to reflect whether consideration was given to all requirements of § 12-15-34(d), Code 1975.
REMANDED WITH DIRECTIONS.
FAULKNER, ALMON and ADAMS, JJ., concur.
TORBERT, C.J., concurs specially.
TORBERT, Chief Justice (concurring specially).
I agree with the conclusion of the majority that the order of the circuit court does not meet the requirements of Code 1975, § 12-15-34(d). The opinion of the majority remands the case to the circuit court to correct the transfer order to reflect that the circuit court considered all six factors. It is my view that upon remand the circuit court must consider evidence relating to factors not addressed in its order.
The circuit court considered evidence related to the probable cause issue, but did not consider evidence concerning any prior delinquency record, the extent and nature of any treatment, or demeanor. The circuit court apparently relied on the order of the family court to provide information as to those factors.
Section 12-15-120, provides that, upon appeal from the juvenile court, the circuit court shall try the case de novo. A de novo trial has been defined as "[t]rying a matter anew; the same as if it had not been heard before and as if no decision had been previously rendered." Black's Law Dictionary 392 (5th ed. 1979).
This Court addressed a similar issue in McKinney v. State, 404 So.2d 639 (Ala. 1981). In that case, the order of the juvenile court was clearly adequate to meet the requirements of § 12-15-34(d). The order of the circuit court, however, was found invalid. We stated: "Upon a trial de novo in circuit court, those same factors apply in determination of the question of transfer, and the circuit court order must reflect consideration of those specific factors." 404 So.2d at 640. Upon remand it is incumbent upon the circuit court to consider evidence of all of the statutory factors and to enter an order reflecting that it has considered all of them.