I agree with the conclusion of the majority that the order of the circuit court does not meet the requirements of Code 1975, § 12-15-34 (d). The opinion of the majority remands the case to the circuit court to correct the transfer order to reflect that the circuit court considered all six factors. It is my view that upon remand the circuit court must consider evidence relating to factors not addressed in its order.
The circuit court considered evidence related to the probable cause issue, but did not consider evidence concerning any prior delinquency record, the extent and nature of any treatment, or demeanor. The circuit court apparently relied on the order of the family court to provide information as to those factors.
Section 12-15-120, provides that, upon appeal from the juvenile court, the circuit court shall try the case de novo. A de novo trial has been defined as "[t]rying a matter anew; the same as if it had not been heard before and as if no decision had been previously rendered." Black's Law Dictionary 392 (5th ed. 1979).
This Court addressed a similar issue in McKinney v. State,404 So.2d 639 (Ala. 1981). In that case, the order of the juvenile court was clearly adequate to meet the requirements of § 12-15-34 (d). The order of the circuit court, however, was found invalid. We stated: "Upon a trial de novo in circuit court, those same factors apply in determination of the question of transfer, and the circuit court order must reflect consideration of those specific factors." 404 So.2d at 640. Upon remand it is incumbent upon the circuit court to consider evidence of all of the statutory factors and to enter an order reflecting that it has considered all of them. *Page 55