TAYLOR, Judge.
Willie Donald Newton, a minor, was charged with three counts of forging checks and a hearing was held, at the conclusion of which the court certified Newton to be tried as an adult. The record is devoid of any indication that the court went through the necessary steps to be noted on the record under the provisions of Alabama Rules of Juvenile Procedure, Rule 24, which provides:
“The court shall open the hearing by ascertaining if all necessary parties are present and ready to proceed, and should so note on the record.
“The court shall then explain to the parties their rights during the proceedings, the substance of the petition and the specific allegations contained in said petition. The court shall also explain to the parties the nature of the proceedings and the alternatives available to the court should the allegations contained in the petition be admitted or proven.
“Following these procedures, the court may inquire of the child whether he admits or denies all or some of the allegations contained in the petition. Failure or refusal of the child to admit any allegation' shall be deemed a denial of such. allegation. If the admissions do not obviate the necessity for a hearing, the court shall then proceed to hear evidence, unless additional time is necessary to prepare for the hearing, and all testimony shall be under oath.
“The eliciting of testimony shall not be by any probation officer.”
An objection was made by counsel for the defendant on the record to the court’s failure to afford the juvenile the pronouncements as required to be made part of the record by Rule 24. The court responded to the objection in part by stating, “[T]he reason that I didn’t go into it is that I appointed counsel for you.” The requirements of Rule 24 are in addition to the requirements of certain other rules of the Rules of Juvenile Procedure which anticipate that the juvenile may or shall have counsel. We interpret Rule 24 to be a requirement in addition to the rules regarding counsel.
*776 We think the objection sufficiently preserved the error for review. For failure to comply with Rule 24, this cause will have to be remanded for a new hearing.
II
Appellant also contends that the court erred in using a form to recite that the court considered each of six factors set out in § 12-15-34(d)(l)-(6), Code of Alabama 1975. We and the Alabama Supreme Court have previously ruled that a mere recitation of these factors is sufficient. Spellman v. State, 469 So.2d 695 (Ala.Cr.App.1985); McKinney v. State, 404 So.2d 639 (Ala.1981); Duncan v. State, 394 So.2d 930 (Ala.1981); Brown v. State, 353 So.2d 1384 (Ala.1977). The court did not err in this respect.
In a relatively routine case such as this, if the case were to result in affirmance, it would be without opinion. However, where the case results in a reversal, we consider it incumbent on ourselves that an opinion be prepared spelling out wherein the proceeding ought to be remedied. Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.