This Court granted certiorari to determine whether the Court of Criminal Appeals was correct in determining that the juvenile court, without holding an evidentiary hearing, could correct a previously entered improper order of transfer. We reverse and remand.
The facts are adequately presented in the opinion of the Court of Criminal Appeals. Briefly stated, that court found that the transfer order from juvenile court to circuit court was insufficient under Code of 1975, § 12-15-34(d), but that upon remand the juvenile (transferring) court could correct the transfer order without holding an evidentiary hearing upon any § 12-15-34(d) element missing in its original order:
 "The trial court is in the best position to know whether or not the relevant factors concerning transfer have been considered by it or not. If the trial court did consider the matters as required by § 12-15-34(d), Code of Alabama 1975, then that court may correctly issue a transfer order which complies with that statute after jurisdiction of the case reverts to it."
Minor v. State, 502 So.2d 775 (Ala.Crim.App. 1985).
Although the Court of Criminal Appeals cited no authority for such a conclusion, it is likely that Tubbs v. State,489 So.2d 716 (Ala.Crim.App. 1986), following Ray v. State,435 So.2d 53 (Ala. 1983), was considered to be applicable.
Both Tubbs and Ray required the transferring court to "correct" the transfer order so that it would reflect compliance with the statutory requirements of § 12-15-34(d). Neither of those cases specifies the nature of such corrective action. The statutory scheme for transfer hearings furnishes direction, however.
Section 12-15-34(b) requires that "[t]he court shall conduct a hearing." Section 12-15-34(d) declares that "[e]vidence of the following and other relevant factors shall be considered." It follows from these statutory requirements that an evidentiary hearing pursuant to the requirements of § 12-15-34 must be held. Reeves v. State, 419 So.2d 217 (Ala. 1982).
In Ray v. State, supra, this Court considered a juvenile transfer case in which the order did not meet the requirements of § 12-15-34. That case was remanded so that the transferring court could "correct its transfer order to reflect whether consideration was given to all requirements of § 12-15-34(d)." Because of the statutory imperatives, it is our opinion that the proper correction of such an order must disclose that the transferring court, upon remand, did consider evidence of relevant factors not addressed in its former, incorrect order.Cf. Ray v. State, supra (Torbert, C.J., concurring specially).
Accordingly, the judgment of the Court of Criminal Appeals is reversed, and this case is remanded to that court for an order consistent with this opinion. It is so ordered.
REVERSED AND REMANDED WITH DIRECTIONS. TORBERT, C.J., and MADDOX, FAULKNER, JONES, SHORES, ADAMS and HOUSTON, JJ., concur. *Page 778