ON REHEARING
McMILLAN, Judge.
The original opinion issued by this court on May 14, 1985, is hereby withdrawn and this opinion substituted therefor.
Appellant, a juvenile, was charged with the crime of murder on April 22, 1983. The charge was later amended to include the offense of capital murder, wherein the murder was committed during the course of a robbery.
On June 7, 1983, the State filed a motion seeking to transfer the appellant to the circuit court for prosecution as an adult. On June 9, 1983, a hearing on the State’s motion was held and, at the close of the hearing, the trial court granted the motion. The appellant filed a timely appeal of the juvenile transfer order and on April 4, 1984, the record on appeal was completed. After the completion of the record on appeal, the appellant filed a motion to correct the record and a hearing was held on the motion at the district court level. On November 5, 1984, the trial court entered an order granting the motion to correct the record on appeal and specifically ordered that “page 100 of the record be omitted and that the original transfer order be substituted therefor.”
On appeal, the sole issue raised was whether the juvenile court judge committed reversible error when he failed to consider the requirements as set at in § 12-15-34(d), Code of Alabama (1975), in determining whether the juvenile transfer order should be entered. This court considered the appeal and on May 14, 1985, remanded this cause to the trial court when it concluded that the transfer order was deficient.
The appellant then filed an application for rehearing which was pending before this court when the trial court filed what purported to be a “return to remand.” Because this matter was pending at this level on an application for rehearing at the time that the trial court attempted to amend its earlier order, the order dated June 28, 1985, is invalid. Reeves v. State, 419 So.2d 217, 219 (Ala.1982).
*717 In a recent case which considered the issue raised by this appeal, the Alabama Supreme Court concluded that an evidentia-ry hearing pursuant to the requirements of § 12-15-34, Code of Alabama (1975), must be held. Ex parte Minor, [Ms. 85-72, Feb. 7, 1986] (Ala.1986). Under the authority of Ex parte Minor, this case is reversed and remanded with directions that the court conduct a hearing and consider “evidence of relevant factors not addressed in its former, incorrect order.”
APPLICATION FOR REHEARING GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.