This is an appeal from an order of the juvenile division of the district court of Cullman County transferring seventeen-year-old Michael Shedd to the circuit court for criminal prosecution as an adult for the offense of first degree robbery.
 I
The appellant contends that the petition charging delinquency should have been dismissed because the complaint filed by the arresting officer before the intake officer for the juvenile court and upon which the petition was based was not verified. *Page 1307 
The petition itself filed by the intake officer was verified.
The trial judge held "that the complaint . . . does not have to be verified. The petition is the complaint against the defendant [and] must be verified."
The complaint is the standard "State of Alabama Unified Judicial System Form JU-2 Rev 2/79." The printed form contains no verification.
Section 12-15-50, Code of Alabama, 1975, provides: "Cases before the [juvenile] court shall be initiated by the filing of a petition by the intake officer who shall receive verifiedcomplaints and proceed thereon pursuant to rules of procedure adopted by the supreme court." (Emphasis added.) Rule 8(B), Alabama Rules of Juvenile Procedure, gives the intake officer of the juvenile court "the power to administer oaths for the purpose of verifying complaints."
Rule 12, A.R.J.P., governs the "initiation of cases" and provides:
 "(A) Any person or agency having knowledge of the facts may make a complaint to the intake office alleging facts sufficient to establish the jurisdiction of the court and the delinquency, dependency or need of supervision of the child. A complaint is made when it is filed with the intake office, which shall immediately note thereon the date and time of filing.
 "(B) Whenever the court is in receipt of a complaint the intake office shall conduct a preliminary inquiry to determine whether the child is within the jurisdiction of the court and whether the best interests of the child or of the public require that a petition be filed.
 "(C) If it appears from the preliminary inquiry that the child is within the jurisdiction of the court and judicial action appears necessary, the intake office shall either:
 "(1) make informal adjustment pursuant to Rule 15; or
 "(2) file a petition where judicial action appears necessary."
The form of a petition is governed by § 12-15-52. The form of a complaint in a juvenile matter is not governed by the Code of Alabama or by the A.R.J.P. While a complaint may be verified, we find no statute or rule of the supreme court requiring the verification of a complaint. The "complaint" defined in §15-7-1 applies only to "preliminary proceedings" and was "intended as a guide in proceedings before a committing magistrate" in the criminal prosecution of adults. Sale v.State, 68 Ala. 530, 533 (1881).
"The purpose of a transfer hearing . . . [is] to establish whether there is probable cause for a child to be transferred from juvenile court for criminal prosecution as an adult. It is not a hearing to adjudicate the guilt or innocence of a child."Gallagher v. State, 425 So.2d 1079, 1080 (Ala. 1983).
In this case, the juvenile court acquired jurisdiction when the intake officer filed the verified petition. Rule 12(C)(2), A.R. J.P. See also Tolbert v. State, 494 So.2d 180 (Ala.Cr.App. 1986) (petition to revoke probation of juvenile previously adjudicated delinquent must be verified). We hold that a complaint filed with a juvenile intake officer need not be verified.
 II
The record does not show that the juvenile judge complied with Rule 24, A.R.J.P., in opening the hearing. Ex parteAnonymous, 466 So.2d 81 (Ala. 1984). The failure of the court to afford the juvenile the explanations required by Rule 24 will constitute reversible error upon proper and timely objection. Newton v. State, 474 So.2d 775 (Ala.Cr.App. 1985). Here, there is no objection anywhere in the record. The record begins with a statement by defense counsel made in such a way as to indicate that the proceedings were already underway when these remarks were recorded.
In Taylor v. State, 491 So.2d 1042 (Ala.Cr.App. 1986), this Court reversed because the transfer hearing was not conducted in compliance with Rule 24, relying on Ex parte Anonymous,466 So.2d 81 (Ala. 1984), as authority. In Ex parte Anonymous, the reversal was required because the juvenile *Page 1308 
court did not observe Rule 24, misinformed the juvenile of the nature of the proceedings, and failed to adhere to the requirements of Alabama Code 1975, § 12-15-34(d), imposing a duty on the juvenile court to consider evidence of six specific factors in its determination of whether or not to grant a transfer motion.
Here, the record shows that the requirements of § 12-15-34(d) were satisfied and the record does not indicate that the juvenile was misinformed. Contrary to any indication otherwise in Taylor, supra, Ex parte Anonymous does not support the proposition that a reversal is automatically required whenever the record fails to show the juvenile court's compliance with Rule 24 where there was no objection and the alleged error has not been preserved for review.
 III
There was no variance between the petition charging that the appellant "did, in the course of committing a theft . . . use force . . . while . . . armed with a deadly weapon" and the proof showing that no actual physical force was employed. In a prosecution for robbery, the brandishing of a weapon constitutes both the use of force and the threat of force.Lewis v. State, 469 So.2d 1291, 1298-99 (Ala.Cr.App. 1984), affirmed, Ex parte Blake, 469 So.2d 1301 (Ala. 1985).
The judgment of the juvenile court is affirmed.
AFFIRMED.
All Judges concur.