ON APPLICATION FOR REHEARING
McMILLAN, Judge.
This court unanimously affirmed, without opinion, the juvenile court’s transfer of the appellant to adult facilities on February 25, 1986. See Aaron v. State, 486 So.2d 519 (Ala.Cr.App.1986). The appellant, on rehearing, has filed a motion to dismiss his appeal as to the charge of arson in the second degree, as said charge was nol-prossed on the oral motion of the district attorney. The appellant, in conjunction with this charge of arson, was also charged with theft of property. The evidence showed that the appellant had admitted to taking certain property and, on request, led the authorities to the property. A recitation of the consideration of the six standards required by § 12-15-34, Code of Alabama (1975), by the trial court, will meet the statutory requirements, Reeves v. State, 419 So.2d 217 (Ala.1982). However, the nature of the appellant’s offense was the strongest consideration in the transfer, and in light of the nol-prossed arson *10 charge, this cause is remanded to the trial court for reconsideration.
The record indicates that in making his decision to transfer the 16-year-old appellant, the trial judge stated:
“After considering all the factors in this matter, the nature of the present offense, the prior records — of course, he has no prior record and there [have] been no past treatment efforts as the result and since there is no prior record of his demeanor and extent and nature of his physical and mental ability, interest of the community, I feel that the interest of the community does require that he be placed under legal restraint.”
This cause is hereby remanded to the trial court for reconsideration of the transfer order as to the burglary charge (JU-85-247) and the appeal is dismissed as to the charge of arson in the second degree (JU-85-248).
APPLICATION FOR REHEARING GRANTED;
JUDGMENT OF AFFIRMANCE ON FEBRUARY 25, 1986 SET ASIDE;
APPEAL DISMISSED AS TO THE CHARGE OF ARSON IN THE SECOND DEGREE (JU-85-248);
REMANDED WITH DIRECTIONS AS TO THE BURGLARY CHARGE (JU 85-247).
All the Judges concur.