PATTERSON, Judge.
Appellant, Timothy David Stubbs, a 17-year-old juvenile, was charged by delinquency petition in the Juvenile Court of Coffee County, Elba Division, with the capital murder of James Edward Nelson. Ala. Code (1975) §§ 13A-5-40(a)(2) and (7). A motion was filed by the State seeking to transfer appellant to the circuit court for prosecution as an adult. After a hearing, the juvenile court entered an order certifying appellant to be transferred to the circuit court to be tried as an adult. Appellant appeals this order. A.R.J.P. 28.
Transfer hearings are “probable cause” hearings, and the transferring court should not be reversed unless its ruling is clearly erroneous. Bragg v. State, 416 So. 2d 715 (Ala.1982). Probable cause, in the context of transfer hearings, has been defined as “that which would ‘warrant a man of reasonable prudence and caution in believing that the offense has been committed and that the person in question is the offender.’ ” Duncan v. State, 394 So.2d 930, 932 (Ala.1981) (quoting Vincent v. State, 349 So.2d 1145, 1146 (Ala.1977)).
“The trial court’s ruling may be found to be clearly erroneous if the order issued does not recite that the court has considered the six factors outlined in Code 1975, § 12-15-34(d). The objective of § 12 — 15—34(d) is to provide a ‘meaningful review’ as mandated by Kent v. United States, 383 U.S. 541 [86 S.Ct. 1045, 16 L.Ed.2d 84] ... (1966). The mere recital in the transfer order, however, that the trial court has considered the six statutory factors is sufficient, Brown v. State, 353 So.2d 1384 (Ala.1978), where there is evidence to support the order.”
Bragg v. State, 416 So.2d at 717. A transfer hearing is not a hearing to adjudicate the guilt or innocence of the child accused of a crime, but rather, such a hearing is a probable cause hearing to determine whether the child should be transferred out *10 of the juvenile court for criminal prosecution as an adult. Brown v. State, 353 So.2d 1384 (Ala.1977); Spellman v. State, 469 So.2d 695 (Ala.Cr.App.1985).
Appellant contends, inter alia, that the trial court’s transfer order failed to comply with § 12-15-34(f), in that it was not in writing, failed to give reasons for granting the motion, and failed to make a finding of probable cause.
On September 19, 1985, at the conclusion of the transfer hearing, the juvenile court entered and signed the following on the case action summary:
“A certification hearing was this day had. Defendant was present and represented by his court appointed attorneys, William Hammond and Mark Vaughn. The court finds that this defendant should be and hereby is certified for trial as an adult and this case is hereby transferred to adult criminal court for further disposition. The defendant being charged with a capital offense, Bond is this night denied. (See separate more detailed findings and order).”
When the record was intially filed with this court, it did not contain the “separate more detailed findings and order” referred to in the case action summary entry; however, on motion of the attorney general to supplement the record pursuant to A.R.A.P. 10(f), which was granted, a detailed certification transfer order was filed.
The original transfer order found in the case action summary was clearly insufficient under § 12-15-34. The attorney general argues that this insufficiency was corrected by the trial court’s filing a supplementary order in response to the 10(f) motion. Appellant contends that the separate certification order is improper and prejudicial and should not be considered. He bases this contention on the apparent delay between the date of the transfer hearing and the date of the supplementary order. On September 19, 1985, the transfer hearing was held and the court made the initial entry on the case action summary sheet, ordering the transfer. However, the supplementary order is dated November 3, 1987, and was filed with the clerk of the circuit court on the same date.
It is obvious that the supplementary order was prepared by the trial court and filed with the clerk of the circuit court after the submission of the case on appeal. We question the jurisdiction of the trial court to file such an order after jurisdiction of the case has passed to the appellate court. Minor v. State, 502 So.2d 775, 776 (Ala.Cr.App.1985) (on rehearing), rev’d on other ground, 502 So.2d 776 (Ala.1986). We also question whether such an order can be supplied pursuant to a 10(f) motion, since the order was not in existence and was not a part of the trial record at the time of the submission. “Rule 10(f) contemplates material that is in the record of the case in the court below but is omitted from the record or transcript on appeal.” Bledsoe v. State, 409 So.2d 924, 925 (Ala. Cr.App.1981).
In a situation similar to the one now before us, the Alabama Supreme Court in Ex parte Minor, 502 So.2d at 777, stated:
“Section 12-15-34(b), requires that ‘[t]he court shall conduct a hearing.’ Section 12-15-34(d) declares that ‘[evidence of the following and other relevant factors shall be considered.’ It follows from these statutory requirements that an evidentiary hearing pursuant to the requirements of § 12-15-34 must be held. Reeves v. State, 419 So.2d 217 (Ala.1982).
“In Ray v. State, [435 So.2d 53 (Ala. 1983),] this Court considered a juvenile transfer case in which the order did not meet the requirements of § 12-15-34. That case was remanded so that the transferring court could ‘correct its transfer order to reflect whether consideration was given to all requirements of § 12-15-34(d).’ Because of the statutory imperatives, it is our opinion that the proper correction of such an order must disclose that the transferring court, upon remand, did consider evidence of relevant factors not addressed in its former, incorrect order. Cf. Ray v. State, supra (Tor-bert, C.J., concurring specially).”
*11 We consider the rule announced in Ex parte Minor to control the instant case. Thus, we remand this case to the trial court with instructions to hold another evidentia-ry hearing in order for it to comply with § 12-15-34. As stated in Ex parte Minor, the corrected order must disclose that the transferring court, upon remand, did consider evidence of relevant factors not addressed in its former, incorrect or insufficient order.
At this time, we pretermit discussion of the remaining issues raised by appellant.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.