ON RETURN TO REMAND
PATTERSON, Judge.
We reversed and remanded this case to the trial court on January 26, 1988, 522 So.2d 9, with instructions to hold another evidentiary hearing on the state’s motion to certify appellant, Timothy David Stubbs, as an adult and transfer his case to the circuit court for criminal prosecution. We took this action because the record of the prior certification proceedings failed to show compliance with § 12-15-34, Code of Alabama 1975.
Pursuant to our remand, the trial court held a new evidentiary hearing on April 18, 1988, and on April 19, 1988, it entered its order granting the state’s motion. On December 5, 1988, proper return was filed. The return includes detailed findings and conclusions of the trial court, including its reasons for granting the motion and its finding that probable cause existed for believing that the allegations were true. We have examined the trial court’s certification transfer order, as well as the record of the entire proceedings, and we find that the court fully complied with the requirements of § 12-15-34. The record fully supports its finding. The trial court considered each of the six factors enumerated in subsection (d) of § 12-15-34, as required, in arriving at its decision, and its certification order reflects this consideration. Smith v. State, 475 So.2d 633 (Ala.Cr.App.1985); Whisenant v. State, 466 So.2d 995 (Ala.Cr.App.1984), rev’d on other grounds, 466 So.2d 1006 (Ala.1985); McKinney v. State, 404 So.2d 639 (Ala.1981).
Having previously pretermitted discussion of other issues raised by appellant on first submission, we have now reexamined those issues and have found no merit in them. We do not believe that they are of sufficient importance to warrant discussion in this opinion. The judgment of the trial court, certifying Timothy David Stubbs as an adult and transferring his case from the juvenile court to the circuit court for criminal prosecution, is due to be, and it is hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.