650 So.2d 953 (1994)
Ex parte S.B.
(Re S.B. v. State).
1930546.
Supreme Court of Alabama.
August 19, 1994.
Timothy B. Davis of Tom Radney & Associates, Alexander City, for petitioner.
James H. Evans, Atty. Gen., Gregory O. Griffin, Sr., Asst. Atty. Gen., for respondent.
ALMON, Justice.
S.B., a juvenile, appealed to the Court of Criminal Appeals from an order transferring him from the juvenile court to the circuit court to be tried for murder and attempted murder. The Court of Criminal Appeals, with Judge Bowen and Judge Taylor dissenting, held that it was not necessary that the juvenile court's order transferring S.B. to the circuit court to face criminal charges as an adult reflect that the juvenile court judge had considered all six of the factors listed in Ala.Code 1975, § 12-15-34(d), as long as the record reflected that the judge had done so. See S.B. v. State, 650 So.2d 949 (Ala.Crim. App.1993). We granted certiorari review to determine whether the holding of the Court of Criminal Appeals conflicts with such cases as Mayne v. State, 416 So.2d 741 (Ala.1982); McKinney v. State, 404 So.2d 639 (Ala.1981); and Young v. State, 387 So.2d 825 (Ala.1980).
The Court of Criminal Appeals affirmed the transfer order in this case for two reasons: (1) it held that "[t]his issue has not been preserved for our review because the appellant made no objection and filed no motion for reconsideration on the ground of the alleged defect in the order," 650 So.2d 949; and (2) it held that even if S.B. had not waived this issue by not objecting, the record reflected adequate consideration of the six factors listed in § 12-15-34(d).
The Court of Criminal Appeals cites A.H. v. State, 601 So.2d 213 (Ala.Crim.App. 1992), as authority for the proposition that S.B. should have either objected to the transfer order or moved the court to reconsider the order. In A.H. v. State, the defendant also did not object or move to reconsider the allegedly defective transfer order, and the Court of Criminal Appeals held that the issue *954 was therefore "waived." It cited as authority for this holding Shedd v. State, 505 So.2d 1306 (Ala.Crim.App.1987).
In Shedd, the Court of Criminal Appeals held that "[t]he failure of the court to afford the juvenile the explanations required by Rule 24 [Ala.R.Juv.P.] will constitute reversible error upon proper and timely objection." 505 So.2d at 1307. Rule 24, Ala.R.Juv.P., requires that the judge conducting a juvenile hearing ascertain the presence of all necessary parties and whether they are ready to proceed. The judge must also explain to the parties their rights, the substance of the petition, and the specific allegations contained in the petition. The judge is also required to explain to the parties the nature of the proceedings and the alternatives available to the court should the allegations contained in the petition be admitted or proven. A juvenile defendant would have the opportunity to object at the time of the judge's omission if the juvenile judge failed to comply with Rule 24. In the case of a juvenile transfer, such as we have in this case, no similar opportunity to object existed, because the juvenile judge entered the written order after the transfer hearing had been concluded.
There is no requirement that to appeal a transfer order a juvenile must have made a post-transfer motion to "reconsider." Rule 28, Ala.R.Juv.P., which deals with appeals from transfer orders and other orders of a juvenile court, does not state such a prerequisite to an appeal. S.B. appealed from the final order of the juvenile court, and there is no reason to hold that he should have "objected" to that order before appealing from it. Thus, defects in a transfer order can be raised on appeal although they were not objected to and were not raised by a post-order motion to reconsider.
Because S.B. did not waive this argument concerning the alleged deficiency of the juvenile court's order, we must consider whether the Court of Criminal Appeals correctly held that the indication in the record that the juvenile court had considered all six factors in § 12-15-34(d) was sufficient to overcome any deficiencies in the actual transfer order.
In this case, the juvenile court entered the following written order:
"This cause coming on to be heard on the motion of the State to terminate the juvenile status of [S.B.] and transfer said cases to the Circuit Court of Elmore County, Alabama;
"And it appearing to the Court that there is probable cause to believe that [S.B.] did commit the offense to-wit: murder and attempted murder, and that said child was fourteen or more years of age, at the time of the conduct charged; and is alleged to have committed an act which would constitute a felony if committed by an adult; that said child is fourteen or more years of age and already under commitment to an agency, department or institution as a delinquent; there is no reasonable grounds to believe that said child is committable to an institution or agency for the mentally ill; and that due to: the nature of the child's demeanor, the extent of the child's mental and physical maturity, or the interest of the community and of said child requiring the child to be placed under legal restraint or discipline, it is in the best interest of said child or the public to grant this motion, said motion is hereby granted and said child's cases are hereby transferred to the Circuit Court of Elmore County, Alabama.
"BOND is hereby set at $2,500 in case JU-93-42.02 and $7,500 in case JU-93-42.01.
"DONE this the 8th day of February, 1993."
In Kent v. United States, 383 U.S. 541, 561, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84 (1966), the Supreme Court stated:
"[W]e hold that it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor. We do not read the statute as requiring that this statement must be formal or that it should necessarily include conventional findings of fact. But the statement should be sufficient to demonstrate that the statutory requirement of `full investigation' has been met; and that the question has received the *955 careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review."
After Kent, which was considered "the leading case on juvenile rights," the legislature enacted § 12-15-34. Brown v. State, 353 So.2d 1384, 1386 (Ala.1977).
Ala.Code 1975, § 12-15-34, states in pertinent part:[1]
"(a) The prosecutor may, before a hearing on the petition on its merits and following consultation with probation services, file a motion requesting the court to transfer the child for criminal prosecution, if:
"(1) The child was 14 or more years of age at the time of the conduct charged and is alleged to have committed an act which would constitute a felony if committed by an adult; or
"(2) The child is 14 or more years of age and is already under commitment to an agency, department or institution as a delinquent.
"(b) The court shall conduct a hearing on all such motions for the purpose of determining whether it is in the best interest of the child or the public to grant the motion [to transfer].
"(c) When there are grounds to believe that the child is committable to an institution or agency for the mentally retarded or mentally ill, the court shall proceed as provided in section 12-15-70.
"(d) Evidence of the following and other relevant factors shall be considered in determining whether the motion shall be granted:
"(1) The nature of the present alleged offense;
"(2) The extent and nature of the child's prior delinquency record;
"(3) The nature of past treatment efforts and the nature of the child's response to such efforts;
"(4) Demeanor;
"(5) The extent and nature of the child's physical and mental maturity; and
"(6) The interests of the community and of the child requiring that the child be placed under legal restraint or discipline."
"(e) Prior to a hearing on the motion by the prosecutor, a study and report to the court, in writing, relevant to the factors listed in subsection (d) of this section shall be made by probation services.
"(f) When a person is transferred for criminal prosecution, the court shall set forth in writing its reasons for granting the motion, which shall include a finding of probable cause for believing that the allegations are true and correct."
(Emphasis added.)
We have held, "The legislation compels consideration of each of the six factors and that the transfer order reflect consideration thereof" Reeves v. State, 419 So.2d 217, 218 (Ala.1982) (emphasis added).
The transfer order in this case does not show that the judge considered either § 12-15-34(d)(2) (the juvenile had no delinquency record), or § 12-15-34(d)(3) (the juvenile had had no past treatment in the juvenile system). The order states that S.B. was 14 or more years of age and was charged with a crime that would constitute a felony if committed by an adult and that S.B. was already under the care of an agency as a delinquent. These statements do not show that the judge considered either § 12-15-34(d)(1), (2), or (3), because they track the language of § 12-15-34(a)(1) and (2), which set out the threshold requirements a prosecutor must satisfy before requesting that a juvenile be transferred for trial as an adult. These subsections of § 12-15-34(a) do not pertain to the six factors the judge is required to consider under § 12-15-34(d) before transferring a juvenile; if they did, then (d)(1), (2), and (3) would be met simply by a threshold showing under (a)(1) and (a)(2).
More importantly, the record actually shows that S.B. was not under the care of an agency as a delinquent at the time he was arrested. The error in the orderthe statement that S.B. was already under the care of *956 an agency as a delinquentcompounds the error in failing to reflect that the court had considered (d)(2) and (3), because it indicates that, when entering the order, the judge thought that S.B. had previously been committed as a delinquent.
In Mayne v. State, 416 So.2d at 742, we held:
"There is no requirement that the transferring court make a specific finding on each of the six factors to be considered under § 12-15-34(d), only that the order contain some statement that those factors were considered in order that the appellate courts can make a determination that the requirements of the statute have been met. Young [v. State, 387 So.2d 825 (Ala.1980)]; Kent v. United States, 383 U.S. 541[, 86 S.Ct. 1045, 16 L.Ed.2d 84] (1966)."
The Court of Criminal Appeals conceded that the order did not reflect that the judge had considered either § 12-15-34(d)(2) or (d)(3). However, the State contended, and the Court of Criminal Appeals agreed, that the record showed sufficient compliance with § 12-15-34(d) because at the transfer hearing the juvenile court judge stated the factors before beginning the dispositional phase and stated at the conclusion of the hearing, when he orally granted the motion to transfer, that he had considered the six factors of § 12-15-34(d). The Court of Criminal Appeals also pointed out that evidence was presented on all of the factors.
However, § 12-15-34 requires that the order reflect that the judge has considered all six factors. See Reeves, 419 So.2d at 218 (reversing for failure of the trial court to show that it considered those specific factors listed in § 12-15-34(d)); McKinney v. State, 404 So.2d at 640-41 (reversing because there was "no statement or finding in the order of the trial court to show that it considered those specific factors in § 12-15-34(d)"); Young, 387 So.2d at 826-27 (reversing because "the order of the circuit court [transferring the juvenile] did not meet the standards set out in § 12-15-34(d)"); see also Ray v. State, 435 So.2d 53, 53-54 (Ala.1983) (plurality opinion remanding "to the circuit court for that court to correct its transfer order to reflect whether consideration was given to all requirements of § 12-15-34(d), Code 1975"); cf. Ex parte Cruse, 474 So.2d 109, 111-12 (Ala.1985) (reversing for ineffective assistance of counsel because trial counsel did not appeal a juvenile's transfer order that, because it did not comply with § 12-15-34(d), would have warranted reversal).
The Court of Criminal Appeals relied on A.H. v. State in holding that the order was sufficient. In A.H. v. State, the Court of Criminal Appeals held that although the transfer order did not reflect that the juvenile court had considered the nature and extent of the juvenile's prior delinquency record, as required by § 12-15-34(d)(2), there was no error; the court wrote:
"A.H.'s juvenile probation officer filed a certification report, which notes the extent and nature of A.H.'s prior record and which is included in the record considered by the trial court at the transfer hearing. At the transfer hearing, moreover, testimony was taken as to A.H.'s prior criminal history. It would therefore appear that the trial court did consider the nature and extent of prior delinquency record in determining whether the motion to transfer should be granted."
A.H. v. State, 601 So.2d at 214-15.
A.H. v. State cites no authority supporting this reasoning. We had actually addressed this issue previously, albeit indirectly, in Ex parte Cruse, 474 So.2d 109 (Ala.1985). In Cruse, the defendant argued in a coram nobis petition that his transfer to the circuit court and his subsequent conviction for murder were due to be reversed because, he claimed, he was denied effective assistance of counsel. The defendant argued, among other things, that his counsel had been ineffective both at the transfer hearing and in failing to appeal his transfer order. The Court of Criminal Appeals, in Cruse v. State, 474 So.2d 106 (Ala.Crim.App.1984), stated the following:
"Our review convinces us that an appeal of the transfer order would have resulted in a reversal of that order for its failure to list the six statutory factors. However, as a practical matter, this would only have caused a delay in the prosecution of Cruse as an adult. Following this remand, from the evidence in this record it is almost certain that the juvenile judge would have merely rewritten his order as trial counsel anticipated and ordered the transfer. This *957 finding is reinforced by the fact that the trial judge denied Cruse youthful offender treatment. `Counsel is not required to waste the court's time with futile or frivolous motions.' United States v. Talavera, 668 F.2d 625, 632 (1st Cir.), cert. denied sub nom. Pena v. United States, 456 U.S. 978[, 102 S.Ct. 2245, 72 L.Ed.2d 853] (1982)."
Id. 474 So.2d at 108.
On certiorari review, this Court reversed, holding that the decision of the defendant's counsel not to appeal the transfer order, "without Cruse's knowledge, consent, or approval, denied him the constitutional right to effective assistance of counsel." Ex parte Cruse, 474 So.2d at 111. We also stated:
"The inadequacy of the transfer order alone, by its failure to fulfill the requirements of Code 1975, § 12-15-34(d), would have warranted reversal on appeal. Kent v. United States, [supra]; Ray v. State, 435 So.2d 53 (Ala.1983); cf. Mayne v. State, 416 So.2d 741 (Ala.1982)."
Id. 474 So.2d at 112. Thus, this Court did not agree with the Court of Criminal Appeals that "as a practical matter" the appeal of a transfer order that failed to state that the transferring court had considered all six factors listed in § 12-15-34 would be a "waste [of] the court's time with [a] futile or frivolous motion." This Court disagreed with the assumption of the Court of Criminal Appeals that the juvenile court would have simply entered a corrected order evidencing that it had considered all of the factors. Rather, this Court reversed and remanded so that the juvenile court could consider Cruse's ineffective assistance of counsel claims.
Also, in Ray v. State, 435 So.2d at 53-54, this Court held that there was no merit to the defendant's contention that the State failed to sustain its burden of proof to support transfer of Ray for trial as an adult, but this Court nevertheless remanded the case so that the circuit court could "correct its transfer order to reflect whether consideration was given to all requirements of § 12-15-34(d), Code 1975."
To the extent that the holding of the Court of Criminal Appeals in A.H. v. State is inconsistent with this opinion and with the previous holdings in Ex parte Cruse, supra, Brown v. State, supra, Mayne v. State, supra, and Young v. State, supra, we overrule it.
We reverse the judgment of the Court of Criminal Appeals and remand this case with instructions to the Court of Criminal Appeals to remand it for the juvenile court to reconsider whether to transfer S.B. for trial as an adult, and, if it decides to do so, to enter a corrected transfer order in compliance with § 12-15-34.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and SHORES, STEAGALL and INGRAM, JJ., concur.
MADDOX and HOUSTON, JJ., concur in the result.
HOUSTON, Justice (concurring in the result).
I agree with Presiding Judge Bowen's dissenting opinion. Therefore, I concur in the result.
MADDOX, J., concurs.
NOTES
[1] Section 12-15-34 was amended by 1990 Ala. Acts, Act No. 90-674, in pertinent part deleting paragraph (a)(2); we quote the earlier version because the juvenile court's order tracked paragraphs (a)(1) and (a)(2) and erroneously found that (a)(2) was satisfied. The portion of the statute material to the issue in this case is not paragraph (a), but paragraph (d), which was not amended.